IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHADWICK ALAN McMILLEN, ) | |
| # 19124-078, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 19-cv-198-NJR |
| ) | |
| DALLAS B. JONES, ) | |
| Warden, FCI-Beaumont, Texas, ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Chadwick Alan McMillen, an inmate in the Bureau of Prisons (BOP), filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in February 2019. (Doc. 1). At the time of filing, he was an inmate at the FCI-Greenville, Illinois; he has since been transferred to the FCI-Beaumont. (Docs. 12, 13). Respondent has waived the affirmative defenses of venue and personal jurisdiction. (Doc. 12).

McMillen asserts that the BOP has improperly calculated the expiration date of his 63-month federal sentence, claiming that the Eastern District of Texas ordered it to run concurrently with four state sentences of 120 months each, imposed in Orange County, Texas. He asks this Court to order Respondent to credit him for the time he served on those state sentences. (Doc. 1, pp. 6, 8).

### RELEVANT FACTS AND PROCEDURAL HISTORY

This summary of the facts is derived from the declaration of Forest Kelly, a Correctional Program Specialist with the BOP (Doc. 8-3), as well as from the Petition and the Response.

1

(Doc. 8). Numerous documents reflecting the facts are attached to Kelly's declaration and filed at Doc. 8-4.

Prior to his federal conviction, McMillen had been sentenced in April 2011 to a 12-month term for burglary in Harris County, Texas. (Doc. 8-3, p. 1). While McMillen was still serving that sentence, the Orange County, Texas court sentenced him to four concurrent 10-year terms for four burglary convictions (Case Numbers A110148-R, A110151-R, A110154-R, and A110388-R), with those sentences to commence on July 21, 2011. (Doc. 8-3, p. 2; Doc. 8-4, pp. 9-20).

On September 22, 2011, McMillen was transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum. (Doc. 8-3, p. 2; Doc. 8-4, pp. 23-25). He pled guilty to receipt and possession of a stolen firearm and on February 27, 2012, was sentenced to 63 months' imprisonment. (Doc. 8-3, p. 2; Doc. 8-4, pp. 27-28); *United States v. McMillen*, Case No. 11-CR-072 (E.D. Tx.). The Judgment specified that the 63-month sentence was to run consecutively to the state sentences in Orange County, Texas, Case Numbers A110148-R, A110151-R, and A110388-R, but ordered it to run concurrently to the state sentence in Orange County Case Number A110154-R. *Id.* These instructions created confusion, because the Orange County court had ordered McMillen's sentences in all four of these cases to run concurrent to one another. (Doc. 1, p. 8; Doc. 8, p. 3; Doc. 8-3, pp. 2-3).

On March 13, 2012, McMillen was returned to state custody. (Doc. 8-3, p. 3). That same day, the Eastern District of Texas issued an Amended Judgment providing that the 63-month federal sentence was to run consecutively to *all* the Orange County sentences. (Doc. 8-4, pp. 35-36).

McMillen completed his Orange County 10-year sentences on March 22, 2017, whereupon he was released to the custody of Jefferson County, Texas, authorities for the state offense of

2

failure to identify. (Doc. 8-3, p. 3). He was sentenced in April 2017 and served 22 days as ordered. *Id.* Jefferson County authorities then released McMillen to the custody of the state of Arkansas for a state parole violation. He served time in Arkansas state prison on the parole revocation and was released from custody on November 21, 2017. (Doc. 8-3, p. 3).

On November 27, 2017, McMillen was taken into federal custody to serve his 63-month sentence. *Id.* Before that, however, the Eastern District of Texas had issued a Second Amended Judgment on August 4, 2017, reverting back to the language of the original Judgment – which provided that McMillen's federal sentence would run consecutive to three of his concurrent state 10-year terms, but concurrent to the other one. (Doc. 8, p. 4; Doc. 8-4, pp. 43-44). Respondent notes that McMillen had filed two *pro se* motions requesting this change. (Doc. 8, p. 4). The BOP computed McMillen's sentence to begin on November 27, 2017, with three days of credit for prior jail time, yielding a projected release date of July 27, 2022.[1] (Doc. 8, p. 4; Doc. 8-3, p. 4).

Respondent acknowledges that McMillen exhausted his administrative remedies within the BOP prior to timely filing his Petition. (Doc. 8, pp. 4, 6).

In March 2019, after Respondent was served with notice of this action, the BOP wrote to the sentencing judge requesting clarification of her intention regarding how McMillen's federal sentence should run with respect to the four concurrent Orange County sentences. (Doc. 8-4, pp. 74-77). The judge responded with a letter stating she "recommend[s] that McMillen's federal sentence be served consecutively to his state sentences." (Doc. 8-4, p. 98).

## APPLICABLE LEGAL STANDARDS

The Attorney General, acting through the BOP, calculates a defendant's sentence "as an administrative matter when imprisoning the defendant." *United States v. Wilson*, 503 U.S. 329,

---

[1] According to the BOP's online inmate records, McMillen's current projected release date is July 23, 2022. Https://www.bop.gov/inmateloc/ (Last visited Apr. 24, 2020).

3

335 (1992). The calculation, *i.e.*, the execution, of the sentence can be challenged in a Section 2241 petition. *See Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) (where petitioner is "attacking the fact or length of his confinement in a federal prison on the basis of something that happened after he was convicted and sentenced, habeas corpus is the right remedy.")

18 U.S.C. § 3585(a) provides that a federal prison sentence "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." Section 3585(b) governs credit for time served before the commencement of a federal sentence:

> (b) Credit for prior custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added).

## ANALYSIS

McMillen argues that because the Second Amended Judgment of August 4, 2017 stated that his federal sentence should be served concurrently with one of his state 10-year sentences, that directive should be followed – notwithstanding the fact that this same judgment ordered his 63-month federal sentence to be consecutive to his other three state 10-year sentences. (Doc. 1, pp. 2, 6, 8; Doc. 11, p. 1).

The Second Amended Judgment cannot be implemented as written, because it is impossible for the 63-month sentence to be served both consecutively to *and* concurrently with any of

McMillen's concurrent 10-year state sentences. Faced with this internal inconsistency in the judgment, the BOP calculated that McMillen began serving his federal sentence on November 27, 2017, the date he was taken into federal custody after his release from state custody in Arkansas. As such, McMillen's 63-month sentence is being served consecutively to his combined Orange County, Texas sentences.

The question of when a federal sentence begins to run is governed by Section 3585(a) and by the doctrine of "primary custody." This rule dictates that "an inmate's federal sentence may only commence after the government exercises primary jurisdiction over him." *Pope v. Perdue*, 889 F.3d 410, 415 (7th Cir. 2018). The transfer of a prisoner pursuant to a writ of habeas corpus ad prosequendum, such as McMillen's transfer to federal authorities between September 2011 and March 2012 for the purpose of his federal prosecution, does not operate as a transfer of primary custody. *Id.* at 412-13; *Jake v. Herschberger*, 173 F.3d 1059, 1061 n.1 (7th Cir. 1999). Because McMillen was not taken into federal primary custody until his arrest on November 27, 2017, that is the correct start date for McMillen's federal sentence to begin. This is consistent with the directive in Section 3585(a), that the federal sentence "commences on the date the defendant is received in custody awaiting transportation to … the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a); (*See also* Doc. 1, pp. 12-13.).

The BOP is charged with computing a prisoner's sentencing credit in accordance with Section 3585, and that statute authorizes credit to be given *only* for time that "has not been credited against another sentence." 18 U.S.C. § 3585(b). The Supreme Court directs that a district court is not authorized to apply Section 3585(b) at sentencing; instead, such credit must be computed by the Attorney General, through the BOP. *Wilson*, 503 U.S. at 333-35. Under Section 3585(b), McMillen cannot be given credit against his federal sentence for the time he served in state custody

on the Orange County convictions, because all the time he served was credited to satisfy those state sentences. *See* 18 U.S.C. § 3585(b).

As Respondent points out, under some circumstances the BOP may designate a state institution as the location for a federal defendant to serve his or her federal sentence. (Doc. 8, pp. 7-8). This method can be employed to carry out a federal sentencing judge's order that a federal sentence should be served concurrently with a state sentence. *See* BOP Program Statement 5160.05 (state institution may be so designated "when it is consistent with the intent of the federal sentencing court or with the goals of the criminal justice system"); 18 U.S.C. § 3621(b) (BOP may designate any appropriate and suitable penal or correctional facility for sentence to be served).

In McMillen's case, the sentencing court's intention was not clear because of the Second Amended Judgment's internal inconsistency discussed above. The filing of McMillen's Habeas Petition led the BOP to write to the sentencing judge to request clarification of her order. (Doc. 8-3, p. 5; Doc. 8-4, pp. 74-77). The BOP is permitted to seek such input, but the judge's recommendation is not binding on the BOP. *See Unger v. Walton*, No. 12-cv-1180-DRH-DGW, 2013 WL 6182803, *5 (S.D. Ill. Nov. 26, 2013) (citing 18 U.S.C. § 3621(b)(4)(A); *Barden v. Keohane*, 921 F.2d 476, 483 (3d Cir. 1991)). In McMillen's case, the sentencing judge recommended that his federal sentence should be served consecutively to his state sentences. (Doc. 8-4, p. 98). Even though this recommendation is non-binding, it is consistent with the BOP's original computation of McMillen's sentence, as well as with the applicable statutes discussed here.

For these reasons, McMillen has failed to demonstrate that the BOP's sentence calculation was erroneous. He is not entitled to habeas corpus relief.

#### CONCLUSION

Chadwick Alan McMillen's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1), is **DENIED**, and this action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

If McMillen wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues McMillen plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If McMillen does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for McMillen to obtain a certificate of appealability from this disposition of his Section 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED:** April 27, 2020

*Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**